UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FLOYD MAY, et. al.,
    Plaintiffs,

vs.       03-1295

STEPHEN MOTE, et al.,
    Defendants.

ORDER

This cause is before the court for consideration of the defendants' motions to dismiss the complaint. [d/e 41, 61]

BACKGROUND

This complaint was originally filed on behalf of Plaintiff Floyd May, Demond Reid, Andre Mason and all other inmates at the Pontiac Correctional Center. However, the complaint was only signed by Plaintiff May and May was the only plaintiff to file a motion to proceed in forma pauperis. There was also no indication that any other plaintiff was even aware the litigation had been filed. The court instructed the other named plaintiffs to indicate whether they wished to pursue this litigation. Both plaintiff Reid and Mason replied. The court also found that this was not a class action lawsuit.

The court conducted a merit review of the plaintiffs' complaint on February 7, 2005. The court is required by 28 U.S.C. §1915A to "screen" the complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." After reviewing the complaint with the plaintiffs, the court found that they had adequately alleged three claims including:

    1) a lack of adequate clothing for cold and rain violating the plaintiff's Eighth Amendment rights;
    2) a lack of adequate clothing violating the plaintiff's equal protection rights; and
    3) the implementation of an excessive noise policy violating the plaintiff's rights under the First and Eighth Amendments.

The defendants have now filed a motion to dismiss this complaint.

MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

## ANALYSIS

The defendants first argue that the plaintiffs have not adequately alleged that the clothing provided violates the Eighth Amendment. The defendants are incorrect. The plaintiffs are proceeding pro se and are only required to provide notice of their claims. In addition, the court has already conducted a merit review and found that the plaintiff's have stated a violation of their Eighth Amendment rights.

The defendants next argue that the plaintiff's have failed to state a violation of their equal protection rights. The defendants again seem to argue the plaintiff's have not alleged sufficient facts to state a claim. The pro se plaintiff's are only required to put the defendants on notice of their claim and the court has already found that they have met this standard

The defendants next argue that there is a legitimate penological interest in regulating noise level in a prison. This may be true, but the plaintiff's argue that the policy is unconstitutionally applied to them.

The defendants next argue that the disciplinary rule regarding insolence is not unconstitutionally vague. This was not a claim identified by the court after conducting a merit review of the complaint with all three plaintiff's participating in the hearing. *See* February 7, 2005 Court Order. In addition, the plaintiff's did not ask to add this claim after receiving the final merit review order.

The defendants motions to dismiss the complaint are denied.

**IT IS THEREFORE ORDERED that:**

    1) Defendants' motions to dismiss the complaint are denied. [d/e 41, 61]

    2) The court will abide by the following scheduling deadlines:
      a) the defendants must file an answer to the complaint within 14 days of this order;
      b) all discovery must be completed on or before Tuesday, August 1, 2006; and
      c) dispositive motions must be filed on or before Tuesday, August 22, 2006.

Entered this 20th day of March, 2006.

                                **s\Harold A. Baker**
                      _____
                                HAROLD A. BAKER
                          UNITED STATES DISTRICT JUDGE