UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FLOYD MAY, et. al.,
    Plaintiffs,

vs.                                                          03-1295

STEPHEN MOTE, et al.,
    Defendants.

ORDER

    This cause is before the court for consideration of the plaintiff's motion for reconsideration of the March 20, 2006 Court Order denying the defendants' motion to dismiss the complaint. [d/e 71]

    This complaint was filed by three pro se plaintiffs including Floyd May, Demond Reid and Andre Mason pursuant to 42 U.S.C. §1983. The court conducted a merit review of the plaintiffs' complaint on February 7, 2005. The plaintiffs participated in the hearing and reviewed their claims with the court. The court found that the plaintiffs had adequately alleged that:

    1) a lack of adequate clothing for cold and rain violated the plaintiff's Eighth Amendment rights;
    2) a lack of adequate clothing violated the plaintiff's equal protection rights; and
    3) the implementation of an excessive noise policy violated the plaintiff's rights under the First and Eighth Amendments.

    The defendants then filed a motion to dismiss the complaint. The court denied the motion. However, one of the arguments made by the defendants was that the disciplinary rule regarding insolence was not unconstitutionally vague. The court stated that this claim was not identified by the court in its merit review order and the plaintiffs did not ask to add this claim after reviewing the order. *See* February 7, 2005 Court Order

    The plaintiffs have now filed a motion asking to reconsider the court's finding. The plaintiffs say they **did** intend to state that the insolence rule was unconstitutional on its face. The motion to reconsider is denied. First, the plaintiffs are asking to reconsider the wrong court order. The plaintiff's are not asking the court to reconsider the order denying the motion to dismiss. They are asking the court to reconsider its merit review order stating the claims in this case. Second, the merit review order was entered more than a year ago. While the court appreciates that the plaintiff's are proceeding pro se, this motion is not timely. Third, the court disagrees that the plaintiffs clearly made this claim in their complaint. While the plaintiffs do make reference to Disciplinary Rule 304 being unconstitutionally vague in paragraph 77 of their complaint, it is one of many statements made in support of a larger claim involving the noise policy. It is not clearly stated as a separate claim. And last, even if the plaintiff's did intend to claim that Disciplinary Rule 304, Insolence, was unconstitutional on its face, the court finds that

they have failed to state a claim upon which relief can be granted. "It is well settled that prison officials may discipline inmate for insolent or disrespectful behavior for obvious legitimate penological concerns of security and order." <u>Hale v Scott</u>252 F. Supp. 2d 728, 732 (C.D. Ill. 2003); *See also* <u>Ustrak v Fairman</u>, 781 F.2d 573, 579 (7th Cir. 1986).

**IT IS THEREFORE ORDERED that:**

**1) Plaintiffs' motion for reconsideration of the March 20, 2006 Court Order is denied. [d/e 71].**

**2) All scheduling deadlines remain as set on March 20, 2006.**

Entered this 21st day of June, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE