UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FLOYD MAY, et. al.,
    Plaintiffs,

vs.                                                          03-1295

STEPHEN MOTE, et al.,
    Defendants.

### ORDER

This cause is before the court for consideration of the plaintiff's motion to reconsider the October 17, 2006 Court Order and the November 6, 2006 text order concerning the plaintiff's motion to compel discovery. [d/e 90]

The complaint in this case was filed by three pro se plaintiffs including Floyd May, Demond Reid and Andre Mason pursuant to 42 U.S.C. §1983. The plaintiffs' surviving claims include allegations that:

1) a lack of adequate clothing for cold and rain violated the plaintiffs' Eighth Amendment rights;
2) a lack of adequate clothing violated the plaintiffs' equal protection rights; and
3) the implementation of an excessive noise policy violated the plaintiffs' rights under the First and Eighth Amendments.

On October 17, 2006, the court granted in part and denied in part the plaintiffs' motion to compel discovery. In an effort to keep this case on track and provide relevant discovery, the court directed the defendants to respond to four interrogatories proposed by the court. The defendants have now complied.

The court did not consider interrogatories No. 26, 27, and 29-31 because they were not provided to the court for consideration by the plaintiffs. In addition, it appeared the plaintiffs had exceeded the allowed number of interrogatories. *See* October 17, 2006 Court Order, Fn. #1.

The plaintiffs now state that although they submitted 56 interrogatories, they were divided among all of the defendants. Therefore, the plaintiffs did not exceed 25 interrogatories for any one defendant. They have now provided Interrogatories No. 26, 27 and 29-31 and ask the court to consider the information requested.

The motion is denied. [d/e 90]. The court finds that the plaintiffs will not be prejudiced if the court does not order the defendants to provide answers to these additional interrogatories. The relevant information about clothing for segregation inmates was addressed in the court's interrogatories which the defendants have now answered. In addition, some of the additional interrogatories ask for information that appears to be irrelevant to the plaintiffs' surviving claims. [Interog. # 27, 30] Most importantly, the discovery period in this case has long since

closed.  This case is now more than three years old and is ready to proceed.

The plaintiffs also state they are asking the court to reconsider its November 6, 2006 text order.  In this order, the court gave the defendants additional time to file responses to the interrogatories and set deadlines for responses to the motion for summary judgement.  It is not clear what the plaintiffs are asking the court to reconsider.  However, the court notes that despite its warnings, the plaintiffs have not yet filed a response to the pending motion for summary judgement.  Its possible the response has simply not arrived in the mail.  Nonetheless, to prevent any further confusion, the court will allow the plaintiffs one last chance to file a response.  The plaintiffs must file a response to the pending motion for summary judgement on or before December 13, 2006.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiffs' motion for reconsideration of the October 17, 2006 and November 6, 2006 Court Orders is denied.  [d/e 90].**

**2) The court will allow one final continuance for the plaintiffs to file a response to the pending motion for summary judgement.  A response must be filed on or before Wednesday, December 13, 2006.  NO FURTHER CONTINUANCES WILL BE ALLOWED.  IF THE PLAINTIFF'S DO NOT PROVIDE A RESPONSE BY THIS FINAL DEADLINE, THE MOTION WILL BE CONSIDERED WITHOUT INPUT FROM THE PLAINTIFF'S.**

Entered this 27th day of November, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE